GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gordonsilver.com
ERICK T. GJERDINGEN, ESQ.
Nevada Bar No. 11972
E-mail: egjerdingen@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HORIZON RIDGE MEDICAL & CORPORATE CENTER, L.L.C.,<br><br>    Debtor. | Case No.: BK-S-12-13906-LBR<br>Chapter 11<br><br><br>Date:  N/A<br>Time:  N/A |

**EX PARTE APPLICATION FOR ORDER AUTHORIZING FILING OF LEASES CONTAINING PROPRIETARY INFORMATION UNDER SEAL PURSUANT TO 11 U.S.C. § 107(b)(1), FED. R. BANKR. P. 9018, AND LOCAL RULE 9018**

Horizon Ridge Medical & Corporate Center, L.L.C., debtor and debtor-in-possession ("Debtor"), hereby respectfully submits this ex parte application (the "Application") requesting authorization to file certain leases under seal as the leases contain proprietary information. Specifically, pursuant to Section[1] 107(b)(1), Bankruptcy Rule 9018, and Local Rule 9018, Debtor requests that this Court authorize the filing under seal of the United Lease and the Salon Lease (together, the "Leases") as each of the Leases is defined in the *Declaration of Dr. Rick Abelson in Support of the Motion to Amend or Vacate Orders and to Reopen Evidence Pursuant to Fed. R. Bankr. P. 9023 and 9024* (the "Abelson Decl.") filed concurrently herewith. The

---

[1] All references to the "Bankruptcy Code" are to title 11 of the U.S. Code; all references to a "Federal Rule" or "Rule" are to the Federal Rules of Civil Procedure; all references to a "Bankruptcy Rule" are the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" or "LR" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2157402.doc

Abelson Decl. is filed in support of Debtor's *Motion to Amend or Vacate Orders and to Reopen Evidence Pursuant to Fed. R. Bankr. P. 9023 and 9024* (the "Motion to Amend") also filed concurrently herewith.

The Leases contain proprietary information regarding terms of the economic agreement between Debtor and the respective tenants, including monthly lease amounts, which information is required to be protected by this Court pursuant to the preceding authorities. Were Debtor required to file the proprietary commercial information contained in the leases into the public record, the filing would place Debtor at a severe disadvantage in future lease negotiations with existing and new tenants alike, reducing Debtor's ability to negotiate the best commercially feasible rental terms. Rather, Debtor's ability to increase rental rates or otherwise negotiate terms more favorable to it would be effectively capped, unable to take advantage of any increasing demand for leased commercial real estate in a rebounding rental market. In turn, the release of the information contained in the Leases to the general public would limit the potential revenue that could be generated by Debtor's real property.

Copies of the Leases will be provided to LaSalle Bank N.A., as trustee for the registered holders of GMAC Commercial Mortgage Securities Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, as special servicer ("Secured Lender") as Secured Lender lodged the only objection to *Debtor's Second Amended Plan of Reorganization* [ECF No. 308, Ex. 2] ("Debtor's Plan").

This Application is made and based on the memorandum of points and authorities provided herein, and the pleadings, papers, and other records on file with the clerk of the Court, judicial notice of which is requested.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and (O).

2. The statutory basis for the relief sought herein is Section 107(b)(1), Bankruptcy

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2157402.doc

2

Rule 9018, and LR 9018.

3. Venue of Debtor's Chapter 11 case before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to LR 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## II.
## BACKGROUND

1. On December 20, 2013, this Court entered its: (i) *Order Denying Confirmation of Debtor's Second Amended Plan of Reorganization* [ECF No. 353]; (ii) *Order Denying Approval of Debtor's Disclosure Statement* [ECF No. 351]; and (iii) *Memorandum Decision Concerning Denial of Confirmation of Debtor's Second Amended Plan of Reorganization* [ECF No. 349] (collectively, the "Orders").

2. Contemporaneously herewith, Debtor has filed its Motion to Amend, supported by the Abelson Decl., requesting that this Court reopen evidence and amend or vacate the Orders. The Abelson Decl. references the Leases, which contain proprietary leasing information including rental rates.

## III.
## LEGAL ARGUMENT

Section 107(b)(1) of the Bankruptcy Code provides that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." Further, Bankruptcy Rule 9018 provides, in pertinent part, that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . .

Therefore, Section 107(b)(1) and Bankruptcy Rule 9018 empower this Court to protect Debtor's confidential commercial information from disclosure to other parties and entities. See In re A.G.

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2157402.doc

3

Financial Service Center, Inc, 395 F.3d 410, 416 (7th Cir. 2005) (stating that both Section 107(b)(1) and Bankruptcy Rule 9018 authorized the court to withhold confidential commercial information from public disclosure); In re JMS Automotive Rebuilders, Inc., 2002 WL 32817517, 3 (C.D. Cal. 2002) (upholding the bankruptcy court's order permitting confidential research and work product to be sealed pursuant to Section 107(b)(1) and Bankruptcy Rule 9018). Indeed, the withholding of commercial information is directed toward not affording an unfair advantage to competitors by making public information as to the commercial operations of the debtor. See In re Itel Corp., 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982).

Moreover, Section 107(b)(1), using the word "shall," is mandatory. See In re Orion Pictures Corp., 21 F.3d 24, 27 (2nd Cir. 1994) (stating that if a trade secret or confidential research, development, or commercial information is involved, a court is "required to protect a requesting interested party and has no discretion to deny the application"); see also In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (stating that if a paper filed in a bankruptcy court fits within Section 107(b)(1) or (2), "protection is mandatory when requested by a party in interest"). Finally, issues concerning the public disclosure of Debtor's confidential commercial information in its Chapter 11 case is to be resolved exclusively under Section 107. See In re Neal, 461 F.3d at 1053. Accordingly, Debtor seeks to file the Leases under seal pursuant to Section 107(b)(1), Bankruptcy Rule 9018, and LR 9018 because they contain sensitive commercial information in the form of rental rates and terms received for leasing Debtor's real property.

The information contained in the Leases is not public information, but rather proprietary commercial information that is not customarily disclosed in negotiations with other potential or existing tenants. Disclosure of the information contained in the Leases would harm Debtor in negotiations with future tenants in the rebounding leasing market, effectively limiting Debtor's ability to negotiate stronger lease terms than as presented in the Leases. Likewise, disclosure of the information contained in the Leases would harm Debtor's ability to retain current tenants, both at the termination of their existing leases or, potentially, prior to the termination of the lease were existing tenants to request modification of their existing leases as a result of terms disclosed in the Leases. For these reasons, Debtor would suffer substantial and irreparable harm if the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2157402.doc

4

1 information contained in the Leases were publicly disclosed.

2 As detailed, the sensitive information contained in the Leases qualifies as "commercial information" that should be protected by the Court pursuant to Section 107(b)(1), Bankruptcy Rule 9018, and Local Rule 9018. In turn, to prevent the irreparable harm that would occur if such traditionally private information resulting from the discrete negotiations between two parties were publicly disclosed, this Court should grant this Application. In addition to the strong bases supporting this Court's authorization of filing the Leases under seal, no parties-in-interest would suffer any tangible harm from such authorization. The Secured Lender, the only party-in-interest to object to Debtor's Plan, is receiving the Leases concurrently with the filing of the Motion to Amend. Alternatively, those persons who would be prevented access to the private Leases through approval of this Application are persons without any interest in the information in the context of the confirmation of Debtor's Plan. Rather, those persons who would be prevented access to the private Leases would only have an interest in reviewing and using such information in connection with negotiations of future leases for Debtor's real property. Therefore, while a denial of the relief requested in this Application would irreparably harm Debtor and any potential future owner of Debtor's real property, the approval of the relief requested in this Application would not harm any party-in-interest with respect to issues surrounding the confirmation of Debtor's Plan.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2157402.doc

5

## IV.
## CONCLUSION

Debtor respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit "1"** granting the Application and for such other and further relief as the Court deems just and proper.

DATED this 3rd day of January, 2014.

                                      GORDON SILVER

                                      By: */s/ Talitha Gray Kozlowski*
                                            GERALD M. GORDON, ESQ.
                                            TALITHA GRAY KOZLOWSKI, ESQ.
                                            ERICK T. GJERDINGEN, ESQ.
                                            3960 Howard Hughes Pkwy., 9th Floor
                                            Las Vegas, Nevada 89169
                                            Attorneys for Debtor

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2157402.doc

6