DOMINICA C. ANDERSON (SBN 2988)
**DUANE MORRIS LLP**
100 North City Parkway, Ste. 1560
Las Vegas, NV  89106
Telephone: 702.868.2600
Facsimile:  702.385.6862
E-Mail:  dcanderson@duanemorris.com

JOHN ROBERT WEISS *(Pro Hac Vice)*
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: 312.499.6700
Facsimile: 312.499.6701
E-Mail: jrweiss@duanemorris.com

Attorneys for Creditor Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of GMAC Commercial MORTGAGE Securities, Inc., Commercial MORTGAGE Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, Special Servicer

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Bankruptcy No.: BK-S-12-13906-lbr |
|---|---|
| HORIZON RIDGE MEDICAL & CORPORATE CENTER, LLC, | Chapter 11 |
| Debtor. | **BANK OF AMERICA, N.A., AS TRUSTEE'S SECOND MOTION TO SUPPLEMENT ITS CLAIM** |

Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, Special Servicer ("*Lender*"), by and through its undersigned counsel, respectfully files this Second Motion to Supplement its Claim to include Lender's reasonable fees, costs, and charges from August 1, 2013 through November 31, 2013 (the "*Applicable Period*").  This Motion is made and based on the points and authorities below, the papers and pleadings on file in this case,

judicial notice of which is respectfully requested, and any arguments of counsel entered by the Court at any hearing on this Motion. In support of this Motion, Lender respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 502 and 506 of the Bankruptcy Code. Pursuant to LR 9014.2, Lender consents to the entry of a final order by this Court on this Motion.

## BACKGROUND

2. On April 2, 2012 (the "*Petition Date*"), Horizon Ridge Medical & Corporate Center, LLC ("*Debtor*") filed a petition for relief under chapter 11 of the Bankruptcy Code.

3. On August 19, 2013, Lender filed its Motion (I) for Allowance of Interest, Fees, Costs and Charges Pursuant to 11 U.S.C. § 506(b) and (II) to Otherwise Supplement its Claim [Docket No. 267] (the "*First Claim Motion*"), which sought, *inter alia*, allowance of certain post-petition costs of Lender through July 31, 2013 as part of its claim against Debtor, including attorneys' fees and expenses in the amount of $305,494.95, appraiser costs in the amount of $24,189.63, interest rate expert costs in the amount of $37,903.55, and Lender's other out of pocket costs and expenses in the amount of $1,726.39 for a total of $369,314.52.

4. On October 22, 2013, this Court entered its Findings of Fact, Conclusions of Law and Order Regarding: (1) Debtor's Objection to Proof of Claim of Bank of America, N.A., Proof of Claim No. 2, and (2) Bank of America, N.A. as Trustee's Motion (i) for Allowance of Interest, Fees, Costs and Charges Pursuant to 11 U.S.C. § 506(b) and (II) to otherwise Supplement its Claim [Docket No. 313] (the "*Claim Order*").

5. In the Claim Order, this Court found, *inter alia,* that "Lender's agreements with Debtor provide for Debtor's payment of interest and of all of Lender's costs, including attorneys' fees and costs, in connection with the enforcement of Debtor's obligations under the agreements, the collection of payments due, and the protection Lender's interests in its collateral" and that "the Lender's post-petition costs, including reasonable attorneys' fees and costs, through July 31, 2013 have been actually incurred and are reasonable." Claim Order p.3. The Claim Order also observed

Ninth Circuit precedent that a creditor "may assert an unsecured claim for fees and costs arising under its contract with the debtor, even though the creditor's claim was not an allowed secured claim under section 506(b)." *Id*. at 4; *SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 842 (9th Cir. 2009). *See also In re 268 Ltd.*, 789 F.2d 674 (9th Cir. 1986).

6. The Claim Order held:

> The $369,314.52 in post-petition costs, including reasonable attorneys' fees and costs, sought by the Lender in the Claim Motion are allowed as an unsecured claim. *The Lender may supplement this unsecured claim by further application to this Court for allowance of professional costs, including reasonable attorneys' fees and costs, incurred after July 31, 2013*.

Claim Order p.4 (emphasis added).

**Post-Petition Costs Incurred During the Applicable Period**

7. During the Applicable Period, Lender has incurred $279,752.01 in reasonable fees, costs, and charges (the "*Costs*"). This amount consists of the following, and is explained in greater detail below:

| Source | Amount |
|---|---|
| Attorneys' Fees and Expenses | $248,212.44 |
| Interest Rate Expert Costs | $27,732.33 |
| Lender's Other Out of Pocket Costs and Expenses | $3,807.24 |
| Total | $279,752.01 |

*Attorneys' Fees and Expenses*

8. During the Applicable Period, Lender has incurred reasonable attorneys' fees in the amount of $234,415.50 and reasonable out-of-pocket attorneys' expenses in the amount of $13,796.94, for a total of $248,212.44, which are provided for under the Promissory Note and the Deed of Trust. Lender has attached, as Exhibit 1 hereto, detailed time records (with certain redactions to protect attorney client communications, attorney work product, and other confidential

information), setting forth its reasonable attorneys' fees and costs during the Applicable Period. A brief summary of the work Lender's counsel performed during this period is as follows:

9. Debtor filed multiple unconfirmable chapter 11 plans, which Lender's counsel was required to review and analyze. Lender's counsel prepared its objection to the Debtor's Amended Plan of Reorganization (as further amended, the "*Debtor Plan*") and its objection to Debtor's Disclosure Statement to accompany the Debtor Plan. Prior to the hearing on the Lender's Plan of Liquidation for Debtor (the "*Lender Plan*") and the Debtor Plan, Lender and Debtor engaged in discovery, including interrogatories, document requests, requests to admit, and multiple depositions. Lender's counsel was required to perform considerable work in connection with this discovery, including reviewing documents and expert reports, and preparing for and attending three separate depositions. Prior to the hearing on the competing Plans, Lender's counsel was required to prepare for and attend a status conference and prepare a pretrial statement.

10. Lender's counsel was also required to perform a considerable amount of work in preparation of the hearing on the competing Plans, including preparing exhibits, witnesses, and trial statements. Lender's counsel was also required to attend the two-day trial, and perform all of the work associated therewith. Following the hearing, Lender's counsel was required to draft a post-trial brief, prepare for and attend the closing statements, and prepare proposed findings of fact and conclusions of law at the Court's instruction.

11. During the Applicable Period, Lender's counsel also prepared the Claim Motion, which was required to assert Lender's complete claim. Lender's counsel also prepared for the hearing on the Claim Motion, and prepared proposed findings of fact and conclusions of law on the Claim Motion.

12. The Debtor has appealed the Claim Order. Lender's counsel was required to begin analysis and preparation of the appeal, including reviewing Debtor's statement of issues and designation of items for the record. Lender's counsel was then required to prepare its designation of additional items for the record.

13. Following the hearing on confirmation of the Lender Plan, Lender's counsel began preparing for the sale contemplated by its Plan. This included preparing sales procedures, preparing the motion for approval of the sales procedures, and working on the listing agreement.

14. It should be noted that, as reflected in <u>Exhibit 1</u>, Lender's lead attorney, John Weiss, did not bill any time for traveling from his home office in Chicago for hearings and depositions in this case. It should also be noted that the Lender has been represented by only one attorney at each of the depositions, hearings and arguments in this case. The results achieved by Lender's counsel should also be noted: this Court confirmed the Lender Plan, denied confirmation of the Debtor Plan, and entered the Claim Order.

*Interest Rate Expert Costs*

15. During the Applicable Period, Lender paid $27,732.33 to MCA Financial Group, Lender's expert on interest rates retained in connection with the confirmation hearings on the competing Plans. MCA Financial Group's invoices are attached hereto as <u>Exhibit 2</u>.

*Lender's Out of Pocket Expenses*

16. During the Applicable Period, Lender incurred $2,007.24 in travel, lodging, and other related expenses in connection with its representative's attendance at hearings before this Court. Lender also incurred $1,800.00 in obtaining a phase I environmental assessment of Debtor's real property.

**SUPPLEMENT TO LENDER CLAIM**

17. As explained in detail in the Claim Motion, and as this Court found in the Claim Order, Lender's reasonable post-petition fees, costs, and charges are entitled to treatment as an unsecured claim of Lender. As described above, Lender's Costs are reasonable, and should be allowed and added to Lender's unsecured claim.

**WHEREFORE**, Lender respectfully requests that this Court enter an order (i) supplementing Lender's unsecured claim with the Costs by adding $279,752.01 to Lender's unsecured claim previously ordered pursuant to the Claim Order, (ii) reserving Lender's right to further supplement the Claim Motion at a later date for amounts incurred after November 31, 2013, and (iii) granting such other and further relief as the Court deems appropriate.

DATED: January 6, 2014              DUANE MORRIS LLP

                                    By:  /s/ John Robert Weiss
                                         John Robert Weiss

                                    **Attorneys for Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, Special Servicer**