GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gordonsilver.com
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HORIZON RIDGE MEDICAL & CORPORATE CENTER, L.L.C.,<br><br>       Debtor. | Case No.: BK-S-12-13906-BTB<br>Chapter 11<br><br><br><br>Date:  N/A<br>Time:  N/A |

## EX PARTE APPLICATION FOR ORDER AUTHORIZING FILING OF APPRAISAL CONTAINING PROPRIETARY INFORMATION UNDER SEAL PURSUANT TO 11 U.S.C. § 107(b)(1), FED. R. BANKR. P. 9018, AND LOCAL RULE 9018

Horizon Ridge Medical & Corporate Center, L.L.C., debtor and debtor-in-possession ("Debtor"), hereby respectfully submits this ex parte application (the "Application") requesting authorization to file an expert appraisal under seal as the appraisal contains proprietary information.  Specifically, pursuant to Section[1] 107(b)(1), Bankruptcy Rule 9018, and Local Rule 9018, Debtor requests that this Court authorize the filing under seal of the appraisal report (the "Appraisal") as attached to the declaration of Keith Harper (the "Harper Declaration") filed in support of Debtor's *Emergency Motion for Stay Pending Appeal Of Order Confirming Lender's Liquidation Plan* (the "Motion").  The Harper Declaration and the Motion are filed

---

[1] All references to the "Bankruptcy Code" are to title 11 of the U.S. Code; all references to a "Federal Rule" or "Rule" are to the Federal Rules of Civil Procedure; all references to a "Bankruptcy Rule" are the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" or "LR" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

1   concurrently with this Application.  The relief requested through this Application is substantively

2   similar to that requested by Debtor in the *Ex Parte Application for Order Authorizing Filing of*

3   *Appraisal Containing Proprietary Information Under Seal Pursuant to 11 U.S.C. § 107(b)(1),*

4   *Fed. R. Bankr. P. 9018, and Local Rule 9018* [ECF No. 404], which was approved by order of

5   this Court.  See ECF No. 407.

6       The Appraisal contains proprietary information regarding terms of the economic

7   agreement between Debtor and the respective tenants, including monthly lease amounts, which

8   information is required to be protected by this Court pursuant to the preceding authorities.  Were

9   Debtor required to file the proprietary commercial information contained in the Appraisal into

10  the public record, the filing would place Debtor at a severe disadvantage in future lease

11  negotiations with existing and new tenants alike, reducing Debtor's ability to negotiate the best

12  commercially feasible rental terms.  Rather, Debtor's ability to increase rental rates or otherwise

13  negotiate terms more favorable to it would be effectively capped, unable to take advantage of

14  any increasing demand for leased commercial real estate in a rebounding rental market.  In turn,

15  the release of the information contained in the Appraisal to the general public would limit the

16  potential revenue that could be generated by Debtor's real property.

17      Copies of the Appraisal will be provided to LaSalle Bank N.A., as trustee for the

18  registered holders of GMAC Commercial Mortgage Securities Inc., Commercial Mortgage Pass-

19  Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management

20  LLC, as special servicer ("Secured Lender").

21      This Application is made and based on the memorandum of points and authorities

22  provided herein, and the pleadings, papers, and other records on file with the clerk of the Court,

23  judicial notice of which is requested.

24  . . .

25  . . .

26  . . .

27  . . .

28  . . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2179960

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and (O).

2.      The statutory basis for the relief sought herein is Section 107(b)(1), Bankruptcy Rule 9018, and LR 9018.

3.      Venue of Debtor's Chapter 11 case before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      Pursuant to LR 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

### II.
### BACKGROUND

1.      On March 7, 2014, Debtor filed the Motion supported by the Harper Declaration requesting that this Court stay the Chapter 11 Case pending Debtor's appeal of the *Plan of Liquidation for Debtor Horizon Ridge Medical & Corporate Center, LLC by Creditor Bank of America, N.A. as Trustee* [ECF No. 126] (the "Liquidation Plan"), which appeal is currently pending before the bankruptcy appellate panel for the Ninth Circuit.  The Harper Declaration references proprietary leasing information, including rental rates.

### III.
### LEGAL ARGUMENT

Section 107(b)(1) of the Bankruptcy Code provides that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  Further, Bankruptcy Rule 9018 provides, in pertinent part, that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2179960

1    Therefore, Section 107(b)(1) and Bankruptcy Rule 9018 empower this Court to protect Debtor's

2    confidential commercial information from disclosure to other parties and entities.  See In re A.G.

3    Financial Service Center, Inc, 395 F.3d 410, 416 (7th Cir. 2005) (stating that both Section

4    107(b)(1) and Bankruptcy Rule 9018 authorized the court to withhold confidential commercial

5    information from public disclosure); In re JMS Automotive Rebuilders, Inc., 2002 WL

6    32817517, 3 (C.D. Cal. 2002) (upholding the bankruptcy court's order permitting confidential

7    research and work product to be sealed pursuant to Section 107(b)(1) and Bankruptcy Rule

8    9018).  Indeed, the withholding of commercial information is directed toward not affording an

9    unfair advantage to competitors by making public information as to the commercial operations of

10   the debtor.  See In re Itel Corp., 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982).

11          Moreover, the relief mandated by Section 107(b)(1) is mandatory as indicated by the use

12   of the word "shall."  See In re Orion Pictures Corp., 21 F.3d 24, 27 (2nd Cir. 1994) (stating that

13   if a trade secret or confidential research, development, or commercial information is involved, a

14   court is "required to protect a requesting interested party and has no discretion to deny the

15   application"); see also In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (stating that if a paper

16   filed in a bankruptcy court fits within Section 107(b)(1) or (2), "protection is mandatory when

17   requested by a party in interest").  Finally, issues concerning the public disclosure of Debtor's

18   confidential commercial information in its Chapter 11 case is to be resolved exclusively under

19   Section 107.  See In re Neal,  461 F.3d at 1053.  Accordingly, Debtor seeks to file the Appraisal

20   under seal pursuant to Section 107(b)(1), Bankruptcy Rule 9018, and LR 9018 because it

21   contains sensitive commercial information in the form of rental rates and terms received for

22   leasing Debtor's real property.

23          The information contained in the Appraisal is not public information, but rather

24   proprietary commercial information that is not customarily disclosed in negotiations with other

25   potential or existing tenants. Disclosure of the information contained in the Appraisal would

26   harm Debtor in negotiations with future tenants in the rebounding leasing market, effectively

27   limiting Debtor's ability to negotiate stronger lease terms than as detailed in the Appraisal.

28   Likewise, disclosure of the information contained in the Appraisal would harm Debtor's ability

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

4

103876-001/2179960

1    to retain current tenants, both at the termination of their existing leases or, potentially, prior to

2    the termination of the lease were existing tenants to request modification of their existing leases

3    as a result of terms disclosed in the Appraisal.  For these reasons, Debtor would suffer substantial

4    and irreparable harm if the information contained in the Appraisal were publicly disclosed.

5           As detailed, the sensitive information contained in the Appraisal qualifies as "commercial

6    information" that should be protected by the Court pursuant to Section 107(b)(1), Bankruptcy

7    Rule 9018, and Local Rule 9018.  In turn, to prevent the irreparable harm that would occur if

8    such traditionally private information resulting from the discrete negotiations between two

9    parties were publicly disclosed, this Court should grant this Application.  In addition to the

10   strong bases supporting this Court's authorization of filing the Appraisal under seal, no parties-

11   in-interest would suffer any tangible harm from such authorization.  The Secured Lender is

12   receiving the Appraisal concurrently with the filing of the Motion.  Those persons who would be

13   prevented access to the confidential information contained in the Appraisal would only have an

14   interest in reviewing and using such information in connection with negotiations of future leases

15   for Debtor's real property.  Therefore, while a denial of the relief requested in this Application

16   would irreparably harm Debtor and any potential future owner of Debtor's real property, the

17   approval of the relief requested in this Application would not harm any party-in-interest with

18   respect to issues surrounding the Motion.

19   . . .

20   . . .

21   . . .

22   . . .

23    . . .

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2179960

5

IV.
<u>CONCLUSION</u>

Debtor respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit "1"** granting the Application and for such other and further relief as the Court deems just and proper.

DATED this 10th day of March, 2014.

GORDON SILVER

By: */s/ Teresa Pilatowicz*
GERALD M. GORDON, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
TERESA M. PILATOWICZ, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Debtor

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2179960