GORDON SILVER
GERALD M. GORDON, ESQ., NV Bar No. 229
E-mail: ggordon@gordonsilver.com
TALITHA GRAY KOZLOWSKI, ESQ., NV Bar No. 9040
E-mail: tgray@gordonsilver.com
TERESA M. PILATOWICZ, ESQ., NV Bar No. 9065
E-mail: tpilatowicz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555; Facsimile (702) 369-2666
*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| In re:<br><br>HORIZON RIDGE MEDICAL & CORPORATE CENTER, L.L.C.,<br><br>Debtor. | Case No.: BK-S-12-13906-BTB<br>Chapter 11<br><br><br><br>Date:  N/A<br>Time:  N/A |
|---|---|

### EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTOR'S EMERGENCY MOTION TO STAY PENDING APPEAL OF THE ORDER CONFIRMING LENDER'S LIQUIDATION PLAN

Horizon Ridge Medical & Corporate Center, L.L.C. ("Debtor"), debtor and debtor-in-possession, by and through its counsel, the law firm of Gordon Silver, hereby respectfully submits its ex parte application (the "Ex Parte Application") seeking an entry of an order shortening time to hear Debtor's *Emergency Motion for Stay Pending Appeal of the Order Confirming Lender's Liquidation Plan* (the "Motion").

This Ex Parte Application is made and based upon Fed. R. Bankr. P. 9006, the following memorandum of points and authorities, the Declaration of Talitha Gray Kozlowski, Esq. (the "Gray Kozlowski Declaration") set forth herein, the Attorney Information Sheet filed contemporaneously herewith, and the papers and pleadings on file herein, judicial notice of which is respectfully requested.

WHEREFORE, Debtor respectfully requests that this Honorable Court grant this Ex Parte Application and issue an order shortening time to hear the Motion as soon as the Court's

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/5059427_2.doc

calendar will allow, and for such other and further relief as the Court deems just and proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ.**

I, Talitha Gray Kozlowski, Esq., hereby declare as follows:

1.   I am over the age of 18, am mentally competent, and have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2.   I am a shareholder with the law firm of Gordon Silver, counsel for Debtor in the above-captioned matter and duly licensed to practice law in the State of Nevada.

3.   On January 15, 2014, Debtor filed a *Notice of Appeal* [ECF No. 379] commencing an Appeal from the Orders[1] in the Bankruptcy Appellate Panel for the Ninth Circuit, appeal number NV-14-1026.

4.   The BAP has issued a briefing schedule that concludes on approximately April 7, 2014.[2]  It is anticipated that oral argument on the Appeal will be held within three months of April 7, 2014, in approximately July 2014.

5.   On March 5, 2014, the Court approved *Bank of America, N.A., as Trustee's Motion for Orders (A) Approving Sale Procedures, (B) Approving Retention of the Broker, (C) Setting a Sale Hearing Date, and (D) Approving the Sale of the Debtor's Assets* (the "Sales Procedures Motion").  See ECF Nos. 433 and 434.

6.   The order approving the Sales Procedures Motion authorizes Lender to proceed with the sale of the Center in sixty (60) days and Lender has scheduled an auction for May 14, 2014.  See id.

7.   Thus, if a stay is not granted, the Center will be sold before oral argument is scheduled.  If the Center is sold prior to a decision of the Appeal being issued, Lender will

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

[2] HRMC's opening brief was filed on March 3, 2014 with the responsive brief due twenty-one day after service of the opening brief and reply due fourteen days after serve of the responsive brief.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/5059427_2.doc

2

1  certainly argue that the Appeal is moot, which could render HRMC unable to reorganize even if
2  it prevails. Even if the Appeal is not mooted by the sale, the sale of the Center and the
3  subsequent undoing of that sale after the Appeal is resolved will nonetheless uproot the tenants
4  and wreak havoc on the Center's operations and tenants.

5      8. Additionally, on March 7 2014, Lender filed its *Notice of Auction and Sale of
6  Substantially All of Debtor's Assets*, which notice Debtor understands is being delivered to all
7  tenants of the Center. See ECF No. 445.

8      9. The pending sale, which Debtor requests be stayed by the Motion, is creating a
9  disruption among the tenants and operations. As a result, Debtor requests that the Motion be
10 heard at the Court's earliest convenience.

11     10. Debtor's counsel and Lender's counsel have discussed the requested stay. While
12 Lender is agreeable to shortened time, Lender has requested a hearing in mid-April. Debtor
13 believes that, based on the foregoing, a hearing is required prior to mid-April and requests a
14 hearing as soon as this Court's calendar will permit.

## II.
## LEGAL ARGUMENT

Section 105, Title 11 United States Code (the "Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title. Fed. R. Bankr. P. 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

11 U.S.C. § 105. Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/5059427_2.doc

3

1  accompanied by a Declaration stating the reasons for an expedited hearing.  As set forth in the
2  Gray Kozlowski Declaration, there are compelling reasons for an expedited hearing.
3        Local Rule 9006 also requires the moving party to submit an Attorney Information Sheet
4  indicating whether opposing counsel was provided with notice, whether opposing counsel
5  consented to the hearing on an order shortening time, the date counsel was provided with notice
6  and how notice was provided or attempted to be provided.  An Attorney Information Sheet was
7  filed contemporaneously with this Ex Parte Application.

### III.
### CONCLUSION

WHEREFORE, Debtor respectfully requests that this Honorable Court grant this Ex Parte Application and issue an order shortening time to hear the Motion on shortened as this Court's calendar will permit.  Debtor seeks such other and further relief as the Court deems just and proper.

DATED this 10th day of March, 2014.

                                        GORDON SILVER

                                        By:  */s/ Talitha Gray Kozlowski*
                                              GERALD M. GORDON, ESQ.
                                              TALITHA GRAY KOZLOWSKI, ESQ.
                                              TERESA M. PILATOWICZ
                                              3960 Howard Hughes Pkwy., 9th Floor
                                              Las Vegas, Nevada 89169
                                              Attorneys for Debtor

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/5059427_2.doc

4