DOMINICA C. ANDERSON (SBN 2988)
**DUANE MORRIS LLP**
100 North City Parkway, Ste. 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
E-Mail: dcanderson@duanemorris.com

JOHN ROBERT WEISS *(Pro Hac Vice)*
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: 312.499.6700
Facsimile: 312.499.6701
E-Mail: jrweiss@duanemorris.com

Attorneys for Creditor Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, Special Servicer

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HORIZON RIDGE MEDICAL & CORPORATE CENTER, LLC,<br><br>Debtor. | Bankruptcy No.: BK-S-12-13906-btb<br><br>Chapter 11<br><br>Date: N/A<br>Time: N/A |

**BANK OF AMERICA, N.A., AS TRUSTEE'S OBJECTION TO DEBTOR'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTOR'S EMERGENCY MOTION TO STAY PENDING APPEAL <u>OF THE ORDER CONFIRMING LENDER'S LIQUIDATION PLAN</u>**

Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, Special Servicer ("*Lender*"), by and through its undersigned counsel, hereby

DM3\2840982.1

BANK OF AMERICA, N.A., AS TRUSTEE'S OBJECTION TO DEBTOR'S EX PARTE
APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTOR'S EMERGENCY MOTION
TO STAY PENDING APPEAL OF THE ORDER CONFIRMING LENDER'S LIQUIDATION PLAN

objects to Debtor's Ex Parte Application for Order Shortening Time to Hear Debtor's Emergency Motion to Stay Pending Appeal of the Order Confirming Lender's Liquidation Plan [Docket No. 458] (the "*Application*"), and respectfully states as follows:

On the date of the filing of this Objection, the Debtor has filed (i) its Emergency Motion for Stay Pending Appeal of the Order Confirming Lender's Liquidation Plan [Docket No. 452] (the "*Motion for Stay*"), (ii) three separate declarations in support of its Motion for Stay [Docket Nos. 453-55], (iii) its Application, which seeks an order shortening time to hear the Motion for Stay, and (iv) its Ex Parte Application for Order Authorizing Filing of Appraisal Containing Proprietary Information Under Seal Pursuant to 11 U.S.C. § 107(b)(1), FED. R. BANKR. P. 9018, and Local Rule 9018 [Docket No. 456] (the "*Motion to Seal*").  The Motion for Stay is twenty pages, the maximum length allowed under the Local Rules without separate leave of Court.  The Motion for Stay contains numerous arguments and citations.  It is also accompanied by the three separate declarations, totaling eleven pages, and the Motion to Seal.

Notwithstanding this voluminous filing, the Debtor is requesting that the Motion for Stay be heard on shortened notice.  In the Application, the Debtor argues that a stay of this Court's Order confirming the Lender's Plan (an Order that was entered on January 3, 2014, over two months ago) is needed before the May 14, 2014 auction of its property, and that the proposed sale is creating disruption among the tenants and operations.

Although the Lender does not believe the Debtor is entitled to a stay, it does understand why the Debtor seeks to have its Motion for Stay heard before the May 14, 2014 auction date, and does not object to a hearing on the Motion for Stay prior to May 14, 2014.  However, the Lender does object to an order shortening time and the Debtor's characterization of the Motion for Stay as an "emergency motion."  There is no "emergency" here that requires an order shortening time.  Any hearing before May 14, 2014 would be sufficient to address the Debtor's concerns.

As for any alleged disruption among the tenants and operations, the Debtor has provided no detail as to what this could be, what events are actually occurring as a result of the scheduled sale, what damage is occurring as a result of the scheduled sale, how any alleged disruption would be

DM3\2840982.1

2

BANK OF AMERICA, N.A., AS TRUSTEE'S OBJECTION TO DEBTOR'S EX PARTE
APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTOR'S EMERGENCY MOTION
TO STAY PENDING APPEAL OF THE ORDER CONFIRMING LENDER'S LIQUIDATION PLAN

alleviated through an emergency hearing, or how any alleged disruption would not otherwise be alleviated by a hearing on any date that is not set on shortened time.

On the other hand, the Lender would be prejudiced if it is not given sufficient time to respond to the Motion for Stay. As stated above, the Motion for Stay is twenty pages and full of argument. There are also three separate declarations. It would be unjust to deny the Lender adequate time to read, analyze, research, and respond to the Debtor's filings. This is particularly true here where the Debtor has simply made a vague reference to "disruption" as reason to deny to the Lender time.

**WHEREFORE**, the Lender respectfully requests that this Court deny the Application, set the Motion for Stay on a normal briefing and hearing schedule, and grant such other and further relief as the Court deems appropriate.

DATED: March 10, 2014                    DUANE MORRIS LLP

By:  /s/ John Robert Weiss
     John Robert Weiss

**Attorneys for Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, Special Servicer**