DOMINICA C. ANDERSON (SBN 2988)
**DUANE MORRIS LLP**
100 North City Parkway, Ste. 1560
Las Vegas, NV  89106
Telephone: 702.868.2600
Facsimile:  702.385.6862
E-Mail:  dcanderson@duanemorris.com

JOHN ROBERT WEISS *(Pro Hac Vice)*
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: 312.499.6700
Facsimile: 312.499.6701
E-Mail: jrweiss@duanemorris.com

Attorneys for Creditor Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, Special Servicer

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

HORIZON RIDGE MEDICAL & CORPORATE CENTER, LLC,

Debtor.

Bankruptcy No.: BK-S-12-13906-btb
Chapter 11

### NOTICE OF AUCTION AND SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. Pursuant to Order (A) Approving Sale Procedures, (B) Approving Retention of Broker, and (C) Setting a Sale Hearing Date (the "*Procedures Order*"), the assets of the Debtor, Horizon Ridge Medical & Corporate Center, LLC (the "*Debtor*") shall be sold in accordance with the *First Amended Plan of Liquidation for Debtor Horizon Ridge Medical & Corporate Center, LLC By Creditor Bank of America, N.A. as Trustee* (the "*Plan*") [ECF No. 366], (the "*Lender's Plan*"), proposed by Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, Special Servicer (the "*Lender*").

1

2.  Interested parties are invited to make offers to purchase the Debtor's assets in accordance with the terms and conditions approved by the Bankruptcy Court (the "*Sale Procedures*"). Pursuant to the Sale Procedures approved pursuant to the Procedures Order, an auction will be held for the assets (the "*Auction*") beginning on May 14, 2014 at 10:00 a.m. at the offices of Duane Morris, LLP, 100 North City Parkway, Suite 1560, Las Vegas, Nevada 89106.

3.  The assets being sold include the following (the "*Assets*"):

All property of the Debtor and its bankruptcy estate (the "*Estate*") of any kind or nature as of the Effective Date of the Lender's Plan, including, without limitation, all of the Debtor's and the Estate's real property, personal property, tangible property, intangible property, accounts, accounts receivable, goods, equipment, furniture, inventory, chattel paper, documents, instruments, cash, money, fixtures, improvements, easements, contract rights, general intangibles, rents, insurance proceeds, tax refunds, Causes of Action (as defined below), internet websites, intellectual property, trademarks, trade names, copyrights, patents, claims and rights of any kind, wherever situated, together with the proceeds thereof, *but excluding* the proceeds of this sale.

"*Causes of Action*" include all claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims, including, without limitation, all claims and any avoidance, recovery, subordination or other actions under the Bankruptcy Code or other applicable law, including Avoidance Actions (as defined below)), of any of the Debtor, the Debtor-in-Possession, and/or the Estate against any person or entity, based in law or equity, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Effective Date.

"*Avoidance Actions*" include any and all avoidance, recovery, subordination or other actions or remedies that may be brought on behalf of the Debtor or the Estate under the Bankruptcy Code or applicable non-bankruptcy law, including, without limitation, actions or remedies under sections 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.

4.  Participation at the Auction is subject to the Sale Procedures and the Procedures Order. The Sale Procedures include the following:

(d)  each bidder must appear in person and fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid;

(e)  each bidder must confirm that it has not engaged in and will not engage in any collusion with respect to the bidding or the sale;

(f)  each bid must be in cash and not contain any due diligence or financing contingencies of any kind, *provided, however*, that the Lender may credit bid up to the full amount of its allowed claims in the Bankruptcy Case;

(g)  bidding shall commence at the amount of $3,975,000;

(h) bidders may then submit successive bids in an increment of at least $50,000.00 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $10,000.00 higher than the previous bid;

(i) the Auction will be conducted so that each Bidder will be informed of the terms of the previous bid;

(j) the Auction shall continue until the Plan Administrator determines that there have been no bids submitted within a reasonable time after the previous bid, at which point the last submitted bid shall be deemed the winning bid (the "*Successful Bid*");

(k) the winning bidder, if other than the Lender, shall deliver to the Plan Administrator at the conclusion of the Auction a deposit of at least ten percent (10%) of the amount of the winning bid in cash or cashier's check; and

(l) the Back-Up Bidder's (as hereinafter defined) offer shall remain open until the closing of the Successful Bidder's purchase of the Assets;

(m) the sale of the Assets shall be as is, where is, with all faults, and without any warranty of fitness for use, habitability, or any other kind from the Lender, the Plan Administrator, the Debtor, or the Estate.

5. A hearing (the "*Sale Hearing*") to approve the Sale of the Assets to the highest and best bidder will be held May 27, 2014 at 1:30 p.m. (Pacific Time) at the United States Bankruptcy Court for the District of Nevada, Courtroom 4, 300 Las Vegas Boulevard South, Las Vegas, Nevada.

6. A bid will have been accepted only when the bid has been approved by the Bankruptcy Court at the Sale Hearing. The bid submitted at the Auction immediately lower than the winning bid shall be deemed to remain open and irrevocable until the earlier of 5:00 p.m. Pacific time on the third business day following the conclusion of the Auction or the closing of the sale transaction with the holder of the Successful Bid. If the holder of the Successful Bid fails to close a sale approved by the Court, the Back-up Bidder will be deemed to be the new Successful Bid.

7. Within 24 hours after the Bankruptcy Court has approved the sale, the holder of the Successful Bid shall deliver to the Plan Administrator the balance of the Successful Bid by wire transfer of immediately available funds, and the Plan Administrator shall deliver a deed in recordable form describing the real property that is included in the Assets and a bill of sale describing the personal property that is included in the Assets.

8. Objections to the Sale shall be filed with the United States Bankruptcy Court for the District of Nevada and served upon counsel for the Lender at its address above no later than 5:00 p.m. (prevailing Pacific Time) on May 23, 2014 (the "*Objection Deadline*"). .

9. The failure of any objecting person or entity to timely file its objection shall be a bar, at the Sale Hearing or thereafter, of any objection to the Sale Motion, and the Sale, and the transfer of the assets free and clear of all liens, claims, and encumbrances.

10. This notice is qualified in its entirety by the Procedures Order and the Sale Procedures.

Dated: March 7, 2014    DUANE MORRIS LLP

/s/    John Robert Weiss
Attorneys for Bank of America, N.A., successor by merger to LaSalle Bank National Association, as trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2003-C1, acting by and through CWCapital Asset Management LLC, Special Service

EXHIBIT A

SALE PROCEDURES

The following are sale procedures for the sale of the real and personal property owned by the Debtor, Horizon Ridge Medical & Corporate Center, LLC pursuant to the *First Amended Plan of Liquidation for Debtor Horizon Ridge Medical & Corporate Center, LLC By Creditor Bank of America, N.A. as Trustee* (the "*Plan*") [ECF No. 366], which was confirmed by the United States Bankruptcy Court for the District of Nevada (the "*Bankruptcy Court*") in *In re Horizon Ridge Medical & Corporate Center, LLC*, Case No. 12-13906 (the "*Bankruptcy Case*") on January 3, 2014. As is provided in the Plan, the Plan Administrator (as defined in the Plan) will sell the Assets (defined below) at the Auction (defined below) free and clear of all liens, claims and encumbrances.

1. **Assets to be Sold.** The following are the assets to be sold (collectively, the "*Assets*"):

All property of the Debtor and its bankruptcy estate (the "*Estate*") of any kind or nature as of the Effective Date of the Plan, including, without limitation, all of the Debtor's and the Estate's real property, personal property, tangible property, intangible property, accounts, accounts receivable, goods, equipment, furniture, inventory, chattel paper, documents, instruments, cash, money, fixtures, improvements, easements, contract rights, general intangibles, rents, insurance proceeds, tax refunds, Causes of Action (as defined below), internet websites, intellectual property, trademarks, trade names, copyrights, patents, claims and rights of any kind, wherever situated, together with the proceeds thereof, *but excluding* the proceeds of this sale.

"*Causes of Action*" include all claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims, including, without limitation, all claims and any avoidance, recovery, subordination or other actions under the Bankruptcy Code or other applicable law, including Avoidance Actions (as defined below)), of any of the Debtor, the Debtor-in-Possession, and/or the Estate against any person or entity, based in law or equity, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Effective Date.

"*Avoidance Actions*" include any and all avoidance, recovery, subordination or other actions or remedies that may be brought on behalf of the Debtor or the Estate under the Bankruptcy Code or applicable non-bankruptcy law, including, without limitation, actions or remedies under sections 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.

2. **Retention of Broker**. The Plan Administrator shall retain Commerce Real Estate Solutions to market the Assets for sale under the terms of engagement approved by the Bankruptcy Court.

3. **Marketing of the Assets.** The Assets shall be marketed by the retained broker for a period of not less than sixty (60) days through advertisement, listing, electronic mail, and such other methods as are customary for sales of similar properties.

4.     **Auction**.  The Plan Administrator shall conduct an auction with respect to the Assets (the "*Auction*").  The Auction will take place on May 14, 2014 at 10:00 a.m. at the offices of Duane Morris, LLP, 100 North City Parkway, Suite 1560, Las Vegas, Nevada 89106.

5.     **Notice of Bidding**.  The Plan Administrator will provide notice of the Auction and the opportunity to bid to (i) all parties that have filed notices of appearance in the Debtor's bankruptcy case; (ii) all parties that filed proofs of claim in the Debtor's bankruptcy case; (iii) the United States Trustee; (iv) the Internal Revenue Service of the United States Department of Treasury; and (v) the Department of Revenue of the State of Nevada.

6.     **Conduct of Auction**.  The Auction shall be governed by the following procedures:

(a)     each bidder must appear in person and fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid;

(b)     each bidder must confirm that it has not engaged in and will not engage in any collusion with respect to the bidding or the sale;

(c)     each bid must be in cash and not contain any due diligence or financing contingencies of any kind, *provided, however*, that the Lender may credit bid up to the full amount of its allowed claims in the Bankruptcy Case;

(d)     each bidder must indicate at the outset of the Auction what executory contracts and unexpired leases it will assume as part of its bid; the Lender intends to assume all executory contracts and unexpired leases;

(e)     bidding shall commence at the amount of $3,975,000;

(f)     bidders may then submit successive bids in an increment of at least $50,000.00 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $10,000.00 higher than the previous bid;

(g)     the Auction will be conducted so that each Bidder will be informed of the terms of the previous bid;

(h)     the Auction shall continue until the Plan Administrator determines that there have been no bids submitted within a reasonable time after the previous bid, at which point the last submitted bid shall be deemed the winning bid (the "*Successful Bid*");

(i)     the winning bidder, if other than the Lender, shall deliver to the Plan Administrator at the conclusion of the Auction a deposit of at least ten percent (10%) of the amount of the winning bid in cash or cashier's check; and

(j)     the Back-Up Bidder's (as hereinafter defined) offer shall remain open until the closing of the Successful Bidder's purchase of the Assets;

2

    (k) the sale of the Assets shall be as is, where is, with all faults, and without any warranty of fitness for use, habitability, or any other kind from the Lender, the Plan Administrator, the Debtor, or the Estate.

  7. <u>Back-Up Bidder</u>.  The bid submitted at the Auction immediately lower than the winning bid shall be deemed to remain open and irrevocable until the earlier of 5:00 p.m. Pacific time on the third business day following the conclusion of the Auction or the closing of the sale transaction with the holder of the Successful Bid.  If the holder of the Successful Bid fails to close a sale approved by the Court, the Back-up Bidder will be deemed to be the new Successful Bid.

  8. **Executory Contracts.**  Within twenty-four hours of the Auction, the Plan Administrator will send a notice to all holders of executory contracts and unexpired leases informing them of the following: (a) whether the executory contract or unexpired lease will be assumed and assigned to the Successful Bidder or rejected; (b) the proposed cure amount for any contract or lease to be assumed and assigned; (c) the deadline for filing objections to the assumption and assignment or rejection of executory contracts and unexpired leases; and (d) the deadline for filing any claims arising out of the rejection of executory contracts and unexpired leases.

  9. **Sale Approval**.  The proposed sale shall in all respects be subject to approval by the Bankruptcy Court.  A hearing to approve the sale to the holder of the Successful Bid shall be held on May 27, 2014 at 1:30 p.m.  Objections to the sale and/or to the assumption or rejection of executory contracts and unexpired leases shall be filed with the Bankruptcy Court on or before May 23, 2014 at 5:00 p.m. (Pacific Time).

  10. **Closing.**

    (a) Within 24 hours after the Bankruptcy Court has approved the sale, the holder of the Successful Bid shall deliver to the Plan Administrator the balance of the Successful Bid by wire transfer of immediately available funds, and the Plan Administrator shall deliver a deed in recordable form describing the real property that is included in the Assets and a bill of sale describing the personal property that is included in the Assets.

    (b) The sale of the Assets to the holder of the Successful Bid shall be as is, where is, with all faults, and without any warranty of fitness for use, habitability, or any other kind from the Lender, the Plan Administrator, the Debtor, or the Estate.

    (c) The sale of the Assets to the holder of the Successful Bid shall be free and clear of all liens, claims and encumbrances.