GORDON SILVER
GERALD M. GORDON, ESQ., NV Bar No. 229
E-mail: ggordon@gordonsilver.com
TALITHA GRAY KOZLOWSKI, ESQ., NV Bar No. 9040
E-mail: tgray@gordonsilver.com
TERESA M. PILATOWICZ, ESQ., NV Bar No. 9065
E-mail: tpilatowicz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555; Facsimile (702) 369-2666
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re: | Case No.: BK-S-12-13906-BTB |
|---|---|
| HORIZON RIDGE MEDICAL & CORPORATE CENTER, L.L.C., | Chapter 11 |
| Debtor. | Date: N/A<br>Time: N/A |

**REPLY TO OPPOSITION TO EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTOR'S EMERGENCY MOTION TO STAY PENDING APPEAL OF THE ORDER CONFIRMING LENDER'S LIQUIDATION PLAN**

Horizon Ridge Medical & Corporate Center, L.L.C. ("Debtor"), debtor and debtor-in-possession, by and through its counsel, the law firm of Gordon Silver, hereby respectfully submits its *Reply to Opposition to Ex Parte Application for Order Shortening Time to Hear Debtor's Emergency Motion for Stay Pending Appeal of the Order Confirming Lender's Liquidation Plan* (the "Reply") responding to *Bank of America, N.A., as Trustee's Objection to Debtor's Ex Parte Application for Order Shortening Time to Hear Debtor's Emergency Motion to Stay Pending Appeal of the Order Confirming Lender's Liquidation Plan* [ECF No. 460].

Bank of America, N.A. ("Lender") contends that the Motion does not need to be set on shortened time because: (1) so long as the Motion is heard before the sale on May 14, 2014, there is no prejudice to Debtor; and (2) there has not been an adequate showing of the disruptions to Debtor's tenants. Lender is wrong on both accounts.

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2224030

First, pursuant to Bankruptcy Rule 8005, Debtor is entitled to two levels of review for its *Emergency Motion for Stay Pending Appeal of the Order Confirming Lender's Liquidation Plan* (the "Motion")[1] [ECF No. 452]; a review at the Bankruptcy Court in the first instance and, if denied, a review by the Ninth Circuit Bankruptcy Appellate Panel (the "BAP").  Thus, to the extent the Motion is denied by this Court, Debtor requires sufficient time to file the Motion in the BAP, for the BAP to review the request, and issue a decision before May 14, 2014.  As such, a hearing set in the normal course at the Bankruptcy Court is insufficient to allow adequate time for a full review of the Motion, if necessary.  Therefore, the Motion must be heard on shortened time.

Second, and more importantly, Debtor has been advised by Lender that Lender intends to deliver materials to solicit potential bids for the Center on March 14, 2014.  These materials, combined with the *Notice of Auction and Sale of Substantially All of Debtor's Assets* [ECF No. 445] filed on March 7, 2014, has caused tenants to panic regarding future ownership of the building leaving several tenants questioning whether they should continue their leases at the Center.  Furthermore, the *First Amended Plan of Liquidation for Debtor Horizon Ridge Medical & Corporate Center, LLC by Creditor Bank of America, N.A. as Trustee* [ECF No. 366] (the "Amended Liquidation Plan") allows Lender unlimited discretion in showing the Center prior to the Sale.  Given the heightened concerns of Debtor's tenants combined with the Center's operations as a medical complex where patients are seen and confidentiality concerns are at issue, it is highly disruptive for Lender to commence marketing the Center for sale to potential purchasers where the possibility exists that the Sale may be stayed as a result of the Motion.

Lender further contends that it will be prejudiced if not given sufficient time to respond.  However, the majority of the arguments raised in the Motion were set forth in Debtor's opening brief on Appeal, which was filed on March 3, 2014 (and to which Lender has a March 24 deadline to respond).  As a result, Lender is familiar with the arguments raised and will have filed its in-depth response no later than March 24.  Thus, holding a hearing on shortened time

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2224030

2

1  provides adequate time for briefing.

2  Based on the imminent harm should the Motion not be heard on shortened time and the lack of prejudice to Lender, Debtor requests that the *Ex Parte Application for Order Shortening Time to Hear Debtor' Emergency Motion for Stay Pending Appeal of the Order Confirming Lender's Liquidation Plan* be granted and the hearing set at the Court's earliest convenience

DATED this 10th day of March, 2014.

                                              GORDON SILVER

                                      By: */s/ Teresa Pilatowicz*
                                              GERALD M. GORDON, ESQ.
                                              TALITHA GRAY KOZLOWSKI, ESQ.
                                              TERESA M. PILATOWICZ, ESQ.
                                              3960 Howard Hughes Pkwy., 9th Floor
                                              Las Vegas, Nevada 89169
                                              Attorneys for Debtor

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103876-001/2224030

3